## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|                          |   |                   |
|--------------------------|---|-------------------|
| UNITED STATES OF AMERICA | ) |                   |
|                          | ) |                   |
| v.                       | ) | Crim. No. 04-0281 |
|                          | ) |                   |
| MICHAEL WAYNE LOUDIN,    | ) |                   |
|                          | ) |                   |
| Defendant.               | ) |                   |
|                          | ) |                   |

### MEMORANDUM

Gary L. Lancaster                    February $\underline{2}$, 2013
Chief Judge

Defendant, Michael Wayne Loudin, has filed a motion to
reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B). [doc.
no. 48]. In short, Loudin asks the court to reduce the 120
month term of incarceration that he is currently serving to a
term of 97 months incarceration. Loudin contends that such a
reduction is warranted under the Fair Sentencing Act of 2010
(the "FSA") because he is no longer subject to a ten-year
statutory mandatory minimum sentence for his crimes, which
involved only 109.5 grams of crack cocaine. See Fair Sentencing
Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; 21 U.S.C. §
841(b)(1)(A)(iii) and (B)(iii). We deny Loudin's motion because
he was sentenced before passage of the FSA.

Loudin was sentenced on March 31, 2006. The FSA became effective on August 3, 2010. As such, Loudin was sentenced more than four years before the FSA became law. Prior to passage of the FSA, conviction of a drug offense involving 50 grams, or more, of crack cocaine would subject a defendant to a statutory mandatory minimum sentence of 120 months imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii) (2006). After passage of the FSA, a defendant's crimes would have to involve 280 grams, or more, of crack cocaine in order to trigger the 120 month statutory mandatory minimum sentence. FSA, § 2(a)(1). Loudin's guideline range at his 2006 sentencing was 97 to 121 months imprisonment, which, upon application of the then-applicable mandatory minimum sentence, effectively became 120 to 121 months. However, because Loudin's crimes involved 109.5 grams of crack cocaine, under the FSA he would no longer be subject to the 120 month mandatory minimum sentence and his guidelines range would revert to 97 to 121 months imprisonment. Accordingly, Loudin asks that his sentence be modified from 120 months imprisonment to 97 months imprisonment.[1]

---

[1] Notably, although Loudin recalculates his guidelines range under the FSA-mandated amendments to the federal sentencing guidelines to be 51 to 63 months, which becomes an effective range of 60 to 63 months imprisonment due to the 60 month statutory mandatory minimum sentence applicable to crimes involving 28 grams, or more, of crack cocaine, he does not ask that his sentence be reduced to that range.

Loudin is correct that the United States Supreme Court has held that district courts must apply the FSA when sentencing any defendant after August 3, 2010, the FSA's effective date, regardless of when the criminal activity at issue occurred. Dorsey v. United States, __ U.S. __, 132 S.Ct. 2321, 2327 (2012). However, Loudin is incorrect that Dorsey's holding dictates that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(B). In fact, we have found no court that has applied section 3582(c)(1)(B) and the FSA to reduce the term of imprisonment of a defendant who was sentenced prior to the FSA's effective date. To the contrary, the Court of Appeals for the Third Circuit has explicitly held that a district court cannot modify a defendant's sentence, even on direct appeal, to apply the FSA's more lenient statutory mandatory minimum sentence structure if that defendant was sentenced prior to passage of the FSA. United States v. Reevey, 631 F.3d 110, 114-15 & n.5 (3d Cir. 2010).

Nevertheless, Loudin contends that Reevey is not on point and is no longer good law after Dorsey, and that district courts can modify a sentence to conform to the FSA even if the sentence was imposed prior to passage of the FSA pursuant 18 U.S.C. § 3582(c)(1)(B). Section 3582(c)(1)(B) gives a district court the power to modify a term of imprisonment "…to the extent otherwise expressly permitted by statute…" 18 U.S.C. §

3

3582(c)(1)(B). According to Loudin, the FSA qualifies as such a statute because the Supreme Court has held that the FSA applies to all defendants sentenced after August 3, 2010, regardless of when they committed their crimes. Dorsey, 132 S.Ct. at 2327. We disagree with Loudin's reading of Dorsey, and find no authority, either controlling or otherwise, to support his position.

As an initial matter, our Court of Appeals has unequivocally stated that the Supreme Court's decision in Dorsey does not disturb Reevey's holding that the FSA does not apply to defendants who were sentenced prior to August 3, 2010. United States v. Turlington, 696 F.3d 425, 428 (3d Cir. 2012). Summary denial of Loudin's motion would be proper under the authority of Reevey and Turlington alone. However, because neither of these cases involved a motion to modify a sentence under section 3582(c)(1)(B), and because Loudin insists that section 3582(c)(1)(B) requires a different result, we will continue our analysis.

A court can only modify a sentence after it has been imposed if one of three exceptions apply: (1) upon motion of the Bureau of Prisons (18 U.S.C. § 3582(c)(1)(A)); (2) to the extent otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35 (18 U.S.C. § 3582(c)(1)(B)); and (3) when the Sentencing Commission has made a guideline amendment

retroactive (18 U.S.C. § 3582(c)(2)). <u>United States v.</u> <u>Washington</u>, 549 F.3d 905, 914-15 (3d Cir. 2008). The first exception is not at issue here. As to the third exception, in an unpublished, post-<u>Dorsey</u> decision, our Court of Appeals has held that a defendant who was sentenced prior to passage of the FSA cannot obtain an FSA-based sentence modification under section 3582(c)(2). <u>United States v. Bell</u>, 2012 WL 4503198 (3d Cir. Oct. 2, 2012). Regardless, Loudin has been adamant in his filings with this court that he is not seeking relief under section 3582(c)(2). Instead, Loudin asserts that we should modify his sentence under the second exception. According to Loudin, the FSA is a statute that "expressly permit[s]" this court to modify his sentence under section 3582(c)(1)(B).[2]

We find no support for Loudin's position. Case law universally indicates that only two statutes qualify under section 3582(c)(1)(B) as expressly permitting a court to modify a previously-imposed sentence: first, 28 U.S.C. § 2255, which authorizes a court to vacate, set aside, or correct a sentence imposed in violation of the Constitution or laws of the United States; and second, 28 U.S.C. § 2106, which permits resentencing on remand from a court of appeals or the Supreme Court. <u>See</u> e.g. <u>United States v. Penson</u>, 526 F.3d 331, 335 (6th Cir. 2008); <u>see</u>

---

[2] Loudin does not contend that he is entitled to any relief pursuant to Federal Rule of Criminal Procedure 35. We independently conclude that the Rule does not apply under the facts of this case.

also United States v. Garcia-Quintanilla, 574 F.3d 295, 303 (5th Cir. 2009) (rejecting an attempt to add 8 U.S.C. § 1253(a)(3) to this list because the text of that statute addresses the "suspension" of a sentence, not the "revisit[ing of] a previously-imposed sentence"); but see United States v. Triestman, 178 F.3d 624, 629 (2d Cir. 1999) (adding 28 U.S.C. § 2243 to the list because the available relief on a petition for writ of habeas corpus includes authorization for the court to "dispose of the matter as law and justice require," which was determined to be a broad enough express grant of remedial power to permit resentencing under section 3582(c)(1)(B)).

We have found no case from any court that uses section 3582(c)(1)(B) to modify a sentence, which was imposed prior to passage of the FSA, so that it conforms to the FSA. Instead, the limited case law that does discuss the intersection between section 3582(c)(1)(B) and the FSA finds to the contrary. See e.g. United States v. Graham, __ F.3d __, 2013 WL 150253, *3 & n.6 (10th Cir. Jan. 15, 2013) (recognizing, post-Dorsey, that the FSA is not a statute that "expressly permit[s]" district courts to modify a term of imprisonment under section 3582(c)(1)(B), and reiterating the general principle that the FSA does not apply to individuals who were sentenced before it went into effect); United States w. Wilson, 2012 WL 3217606, *2 (10th Cir. Aug. 9, 2012) (same); United States v. Dubose, 2012

WL 5381943, *1 (D. Minn. Nov. 1, 2012) (holding, post-Dorsey, that section 3582(c)(1)(B) cannot afford defendant any relief under the FSA because he was sentenced before August 3, 2010).

In addition, upon independent review of the language of the FSA, we find that the FSA does not qualify as a statute that "expressly permit[s]" a court to "modify an imposed term of imprisonment." 18 U.S.C. § 3582(c)(1)(B). Unlike sections 2106 and 2255, the FSA includes no language authorizing a court to alter a previously-imposed sentence, judgment, or order. And even unlike section § 2243, the FSA does not provide district courts with any express grant of remedial power to "dispose of the matter as law and justice require." In fact, the FSA does not provide any power or authority to the federal courts at all. Instead, the FSA amends various sections of the Controlled Substances Acts (§§ 2-4) and directs the United States Sentencing Commission to amend the federal sentencing guidelines in several ways (§§ 5-8). FSA, Pub. L. No. 111-220.[3] Because the FSA is silent regarding a court's power to modify a previously-imposed sentence, the FSA cannot qualify as a statute that "expressly permit[s]" such action under section 3582(c)(1)(B).

---

[3] Sections 9 and 10 of the FSA require that the Comptroller General and the Sentencing Commission submit various reports to Congress.

It is immaterial to our analysis under section 3582(c)(1)(B) that the Supreme Court directed federal courts to apply the FSA when sentencing all defendants after August 3, 2010. In Dorsey, the Supreme Court found that Congress' intent that the FSA should be applied to all sentencings conducted after August 3, 2010 was "necessarily", "clearly", and "fairly" implied by the FSA's "language, structure, and basic objectives." Dorsey, 132 S.Ct. at 2326, 2331-32. To reach this holding, the Supreme Court first acknowledged that the general saving statute, 1 U.S.C. § 109, required a subsequent statute to "expressly provide" that it would extinguish penalties incurred under prior laws. However, the Supreme Court went on to recognize and apply a well-developed body of case law interpreting the phrase "expressly provide" in section 109 to allow "the will of Congress..[to be] manifested either expressly or by necessary implication." Id. at 2331.

The language of section 3582(c)(1)(B) similarly requires that a court's power to modify a sentence be "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). However, unlike section 109, there is no body of case law interpreting section 3582(c)(1)(B) to allow a statute to satisfy its "express" language requirement by mere implication. The dissimilar interpretation of this similar language may be attributable to the fact that section 109 permits a subsequent

8

Congress to usurp a law passed by a prior Congress. By comparison, under section 3582(c)(1)(B) Congress is granting affirmative authority to act to a different branch of government, i.e., the Judicial branch. That courts require Congress to make an actual, express grant of power to act under section 3582(c)(1)(B) is reinforced by the fact that only two statutes are generally recognized as providing such authority, i.e., sections 2106 and 2255. The FSA includes no language giving the federal courts the ability to modify a previously-imposed sentence, or to take any other remedial action over particular cases. As such, Loudin cannot obtain relief under that statute pursuant to section 3582(c)(1)(B).

Because the legal standards and authorities that apply to our analysis under section 3582(c)(1)(B) are different than those that apply under section 109, Dorsey's holding cannot dictate the result that Loudin advocates here. It does not follow, as Loudin contends, from the fact that Dorsey holds that the FSA applies to all defendants sentenced after August 3, 2010, that all defendants sentenced before August 3, 2010 are entitled to a sentence modification under section 3582(c)(1)(B).

Because there is no authority in support of Loudin's position, because the language of the FSA includes no express grant of power to the courts to modify a previously-imposed sentence, and because the holdings in Reevey and Turlington control, we must deny Loudin's motion. An appropriate order will be filed contemporaneously with this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|                          |   |                   |
|--------------------------|---|-------------------|
| UNITED STATES OF AMERICA | ) |                   |
|                          | ) |                   |
| v.                       | ) | Crim. No. 04-0281 |
|                          | ) |                   |
| MICHAEL WAYNE LOUDIN,    | ) |                   |
|                          | ) |                   |
| Defendant.               | ) |                   |
|                          | ) |                   |

ORDER

AND NOW this $\underline{\smash{1^{2}}}$ day of February, 2013, upon consideration of Loudin's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(B) [doc. no. 48], IT IS HEREBY ORDERED that the motion is DENIED.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record